UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XAOS RUTH MARIE G.,

                        Plaintiff,                    5:21-CV-0655
                                                      (GTS/CFH)
v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                              OF COUNSEL:

OLINSKY LAW GROUP                         HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION            JESSICA RICHARDS, ESQ.
  Counsel for Defendant                   Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this Social Security action filed by Xaos Ruth Marie G.

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner")

pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States

Magistrate Judge Christian F. Hummel recommending that Plaintiff's motion for judgment on

the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted,

(2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to

Plaintiff's Objections.  (Dkt. Nos. 19, 20, 21.)  For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I.      RELEVANT BACKGOUND

### A.      Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following three findings of fact and conclusions of law, in pertinent part: (1) the ALJ erred by not explaining why he considered the opinion of consultative examiner Dr. Jeanne A. Shapiro, Ph.D. (that Plaintiff had moderate-to-marked limitations in regulating her emotions, controlling her behavior, and maintaining her well-being) to be inconsistent with the record (aside from the ALJ's general reference to the "medical records, treatment history, and activities of daily living"); (2) however, the ALJ's error was harmless, because he separately noted that Plaintiff's symptoms ranged from mild to severe, that her symptoms improved with medication and counseling, that she occasionally reported no anxiety or depression symptoms, and that the "weight" of those records did not support a moderate-to-marked limitation, which is sufficient for the Court to understand the ALJ's rationale as being that the record indicated that she was able to regulate her emotions, control her behavior, and maintain her well-being more so than a marked limitation would allow; and (3) in any event, the ALJ's error was harmless, because Plaintiff does not identify any evidence in the record that explains how (given the moderate-to-marked limitations found by Dr. Shapiro) her Residual Functional Capacity ("RFC") should have been more limited. (Dkt. No. 19.)

### B.      Plaintiff's Objections and Defendant's Response

#### 1.      Plaintiff's Objections to the Report-Recommendation

2

Generally, in response to Magistrate Judge Hummel's Report-Recommendations, Plaintiff asserts two arguments: (1) Magistrate Judge Hummel was incorrect in finding the ALJ's error "harmless," because Magistrate Hummel's reliance on the ALJ's reference to evidence suggesting that Plaintiff's symptoms improved with medication and counseling constitutes an impermissible *post hoc* rationale; and (2) a Magistrate Judge Hummel was also incorrect in finding the ALJ's error "harmless," because a fair review of the record reveals that Plaintiff has additional limitations regulating emotions, controlling behavior, and maintaining well-being. (Dkt. No. 20, at 2-3.)  In support of her second argument, Plaintiff relies on (a) records cited in her underlying Brief showing "a fear of death related to her allergies, worry, elevated anxiety, depression, panic attacks, etc.," and (b) the vocational expert's testimony that Plaintiff could not maintain full-time employment if she could not interact with anyone and she had to be reminded of the tasks she needed to perform, which she argues is supported by "the improperly evaluated opinion of Dr. Shapiro." (*Id*. at 3, 5.)

## 2.    Defendant's Response to Plaintiff's Objections

Generally, in response to Plaintiff's Objections, Defendant asserts two arguments: (1) as a threshold matter, the ALJ did not err by not explaining (in the same paragraph as his assessment) why he considered Dr. Shapiro's opinion to be inconsistent with the record, because the governing regulations expressly require only that the ALJ (a) offer a reason for finding an opinion not supported or consistent (e.g., its inconsistency with the weight of medical records, treatment history, and activities of daily living), and (b) discuss evidence supporting his reasoning somewhere in the decision (which he has done here), and thus Magistrate Judge Hummel's discussion of that evidence is not an impermissible *post hoc* rationale; and (2) in any

event, any "error" was harmless, because Plaintiff has failed to identify any specific limitations in Dr. Shapiro's opinion that are (purportedly) missing from the RFC assessment. (Dkt. No. 21, at 2-7.) In support of her second argument, Defendant argues that (a) Plaintiff's reference to a portion of her underlying Brief constitutes merely a restatement of her initial argument before Magistrate Judge Hummel (thus warranting only a clear-error review of his conclusion), and (b) her reliance (in her initial Brief) to two hypothetical limitations provided to the vocational expert (i.e., that Plaintiff have no interaction with others, and that Plaintiff have one or two reminders from a supervisor every hour to remain on task) is insufficient because those hypothetical limitations were unsupported by the record (including Dr. Shapiro's limitation). (*Id*. at 6-7.)

## II.    APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).

Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

## III.    ANALYSIS

After carefully reviewing the relevant filings in this action, including Magistrate Judge Hummel's thorough Report-Recommendation and Plaintiff's Objections, the Court can find no error in the Report and Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. Generally, the Court renders this finding for the reasons stated in the Report-Recommendation and Defendant's response to Plaintiff's Objections. (*See generally* Dkt. No. 19, at 15-25; Dkt. No. 21, at 2-7.) *See also, supra,* Parts I.A. and I.B.2. of this Decision and Order. To those reasons, the Court adds only three brief points.

First, the Court finds that Plaintiff's Objections merely reiterate arguments presented in her initial Brief. (*Compare* Dkt. No. 20, at 2-5 *with* Dkt. No. 16, at 9-14.)  As a result, the Court finds that "challenged" portions of the Report-Recommendation warrant only a clear-error review. *See, supra,* Part II of this Decision and Order. The Court finds they survive that review.

In any event, even if the Court were to find that Plaintiff's arguments did not merely reiterate arguments presented in her initial Brief, the Court would find that they survive a de novo review.

Second, the Court finds that, even if the ALJ did err by not explaining (in the same paragraph as his assessment) why he considered Dr. Shapiro's opinion to be inconsistent with the record, that error is indeed harmless for the two alternative reasons stated by Magistrate Judge Hummel: (1) the ALJ had sufficiently (albeit separately) referred to evidence that Plaintiff's symptoms ranged from mild to severe, that her symptoms improved with medication and counseling, that she occasionally reported no anxiety or depression symptoms, and had found that the "weight" of those records did not support a moderate-to-marked limitation; and (2) Plaintiff does not identify any evidence in the record (other than the opinion of Dr. Shapiro) that explains how (given the moderate-to-marked limitations found by Dr. Shapiro) Plaintiff's RFC should have been more limited.

Third, the Court rejects, as inconsistent with other evidence in the record, Plaintiff's argument that she has more serious or marked limitations or that her anxiety and depression symptoms are persistent and disabling. For example, state agency psychological consultant Dr. C. Walker, Ph.D., found that Plaintiff's limitations in "interacting with others" and "adapting or managing oneself" were "moderate," not "marked," and that she could "complete work like procedures and sustain a routine." (T. 25, 109.) In addition, other evidence in the record shows that Plaintiff's symptoms of anxiety and depression (including nightmares) had indeed improved with treatment. (T. at 24, 346, 352, 357, 904, 912, 923, 942, 958, 962-63, 1027, 1048.)

For all of these reasons, the Court rejects Plaintiff's Objections and accepts and adopts the Report-Recommendation in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report and Recommendation (Dkt. No. 19) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated:   October 14, 2022
         Syracuse, New York

Glenn T. Suddaby
U.S. District Judge